```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


DOUGLAS SHUKERT,                )
        Plaintiff,              )
                                )
                                )
     v.                         )         CIVIL ACTION NO.
                                )         09-10512-DPW
TOWN OF BROOKLINE,              )
(Police Department),            )
POLICE OFFICER MALINN,          )
POLICE OFFICER WARD             )
        Defendants.             )
```

<u>MEMORANDUM AND ORDER</u>
March 31, 2011

This case arises from the arrest and prosecution of the plaintiff, Douglas Shukert, for his conduct on September 6, 2006 in connection with efforts to enroll his children in the Brookline Public Schools.

After Shukert, who had apparently left his children alone while he visited the school department, engaged in a dispute with school department employees, the police were summoned. Following a confrontation between the plaintiff and defendant Brookline police officer Christopher Malinn, Shukert was placed under arrest. When Shukert resisted, defendants Malinn and Ward used force to secure him and Shukert was thereafter handcuffed and taken to the police station for booking, where his personal property was taken from him and inventoried. Malinn then

-1-

searched for the children, who he understood were unattended at Shukert's apartment. The building manager at Shukert's apartment assisted Malinn in entering the apartment where they found no one present. The two children, a ten year old girl and a thirteen year old boy, were located in the neighborhood and then transported to the police station for supervision. At the police station, Shukert was belligerent and not completely cooperative. After his arraignment the next day, Shukert was sent for twenty days of psychiatric evaluation at the Lindeman Center, but he required no medical attention. Ultimately, Shukert was convicted of assault and battery on a police officer, resisting arrest, threatening to commit a crime and disorderly conduct after a trial at which defendant police officers Malinn and Ward testified. The convictions were affirmed on appeal. Meanwhile, Shukert brought this civil rights action as to which the defendant police officers and the City of Brookline have now moved for summary judgment.

After careful review of the parties' submissions, I can see nothing in the summary judgment record, even when read in the light most favorable to Shukert, that demonstrates liability by the defendant police officers or the City of Brookline.

The Counts of the Complaint, Counts I, V and IX, challenging Shukert's arrest and detention fail under the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994), because they indirectly seek to

call into question convictions which have been affirmed and are final.

There is insufficient evidence of excessive force to support the claims of assault and battery and excessive force alleged variously in Counts I, II, III and VI, or to provide a predicate for the failure to intervene claim of Count VII against unidentified police officers. From all that appears in the record, only such force as was necessary to control Schukert - later himself convicted of resisting arrest and assault and battery on a police officer arising out of the encounter - was deployed. *See generally Graham v. Connor*, 490 U.S. 386 (1986); *Gaudreault v. Salem*, 923 F.2d 203, 205 (1st. Cir. 1990).

Similarly, there is insufficient evidence to support claims that there was inattention to some serious medical condition while Shukert was in custody as alleged in Count VIII, *see generally, Estelle v. Gamble*, 429 U.S. 97 (1976), or that anything amounting to intentional infliction of emotional distress as alleged in Count IX was involved, independent of the arrest which led to Shukert's conviction.

The claims based on the search, detention or destruction of Shukert's property, alleged as destruction in Count IV, kidnaping in Count X or illegal search of the apartment in Count XI are unavailing. The claim of destruction caused by the defendants is unsupported and the kidnaping and illegal search claims are

-3-

mislabelings of the officer's legitimate invocation of public safety concerns to find and secure the children.

The claims of slander in Malinn's police report initiating the prosecution (Count XII) or by Malinn and Ward at trial (Count XII) are protected from liability by absolute witness immunity for the trial, *Briscoe v. LaHue*, 460 U.S. 325 (1983), and qualified immunity for initiating (what is separately determinative under *Heck v. Humphrey*), a successful prosecution, *cf. Malley v. Briggs*, 475 U.S. 335 (1986).

The claims against the City are essentially derivative of those against the police officers and fail because the underlying claims fail. While there are multiple other bases for rejecting the claims against the City, it is sufficient to note the City is not responsible for alleged intentional torts, nor is it a person within the Massachusetts Civil Rights Act. More broadly, respondeat superior liability is not available under federal civil rights law. *See generally Connick v. Thompson*, 2011 WL 1119022, at *6-*8 (S.Ct. Mar 29, 2011).

Accordingly, I hereby GRANT the defendants' motions for summary judgment (#44 and 46), DENY plaintiff's motion for summary judgment (#58) and GRANT plaintiff's Motion to Suppress Plaintiff's Unrelated Medical Records (#63) to the extent that

the production of the Lindeman Center records (#62) shall be placed under seal by the Clerk.

>                         */s/ Douglas P. Woodlock*
>                         DOUGLAS P. WOODLOCK
>                         UNITED STATES DISTRICT JUDGE